**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

DARRIEL MANER, #257359,⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀CIVIL ACTION NO. 0:07-541-MBS-BM
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Petitioner,⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀**REPORT AND RECOMMENDATION**
ANTHONY PADULA,⠀⠀⠀⠀⠀)
Warden, Lee C.I.,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀Respondent.⠀)
_____)

⠀⠀⠀⠀⠀⠀⠀Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ

of habeas corpus pursuant to 28 U.S.C. § 2254. The pro se petition was filed on February 26, 2007.

The Respondent filed a return and motion for summary judgment on July 6, 2007. As the Petitioner

is proceeding pro se, a Roseboro order was filed on July 9, 2007, advising the Petitioner that he had

thirty-four (34) days to file any material in opposition to the motion for summary judgment.

Petitioner was specifically advised that if he failed to respond adequately, the motion for summary

judgment may be granted, thereby ending his case.

⠀⠀⠀⠀⠀⠀⠀On July 24, 2007, Petitioner filed a motion to "amend/correct" his Petition, and on

August 23, 2007 Petitioner's motion was granted, with Respondent being granted until September

7, 2007 to file an amended motion for summary judgment, if necessary. The Petitioner thereafter

filed a response in opposition to Respondent's original motion on August 30, 2007.



The Respondent filed an amended motion for summary judgment on September 9, 2007, following which a second <u>Roseboro</u> order was filed on September 10, 2007. Petitioner did not file a response in opposition to the amended motion. This matter is now before the Court for disposition.[1]

**Procedural History**

Petitioner was indicted in March 1999 in Newberry County for murder, assault and battery with intent to kill, and possession of a weapon during a violent crime (Indictment No. 99-GS-36-113). (R.pp. 671-672). Petitioner was represented by John Delgado, Esquire, and after a trial by jury on March 29 - April 1, 1999, was found guilty on the charges. (R.pp. 1-666). Petitioner was sentenced to a term of five (5) years for use of a firearm, twenty (20) years for assault and battery with intent to kill, and life for murder. (R.pp. 668-669).

Petitioner filed a timely notice of appeal. Petitioner was represented on appeal by Robert M. Dudek, Assistant Appellate Defender. Petitioner's counsel filed an <u>Anders</u>[2] brief seeking to be relieved as counsel and raised the following issue:

> Whether the judge erred by ruling defense counsel could not ask leading questions of Jamie Loftin, the wife of the decedent, where the witness' memory of her statement to the police was lacking, and she was a witness identified with an adverse party for

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]<u>Anders v. California</u>, 386 U.S. 738 (1967); <u>see</u> also <u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1988). <u>Anders</u> requires that appointed counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited. <u>See</u> <u>Anders</u>, 386 U.S. at 744.



purposes of Rule 611(c), SCRE?

<u>See</u> Brief, p. 3 (Respondent's Exhibit 1).

The Petitioner filed a <u>pro</u> <u>se</u> response on March 20, 2001 asserting that trial counsel neglected to contact and call witnesses, particularly Henry McKay of the Lutheran Family Service Center, and that counsel was unprepared and continuously late in providing materials to the State. <u>See</u> Respondent's Exhibit 2. On April 16, 2002, the South Carolina Supreme Court affirmed Petitioner's conviction and sentence in an unpublished Opinion. <u>State v. Maner</u>, 02-MO-036 (S.C.Sup.Ct. filed April 16, 2002). <u>See</u> Respondent's Exhibit 3. The Remittitur was sent down on May 9, 2002. <u>See</u> Respondent's Exhibit 4.

Petitioner then filed a <u>pro</u> <u>se</u> Application for Post-Conviction Relief (APCR) on May 9, 2002 raising the following issues:

**Ground One**: Trial Counsel failed to conduct a proper investigation to obtain reports and documents.

**Ground Two**: Trial Counsel withheld Evidence from trial Court.

**Ground Three**: Trial Counsel Failed to hire Expert Witness that was paid for.

(R.p. 675).

Petitioner subsequently submitted an amended PCR application dated September 25, 2003, raising the following issues:

**Ground One**: Trial Counsel failed to conduct a proper investigation to obtain additional documents of decedent's previous violent behavior.

**Ground Two:** Trial Counsel withheld evidence, that he had in his possession, from the Court and the Applicant.

**Ground Three:** Trial Counsel failed to hire Expert Witnesses that were discussed and paid for to rebut the States Expert Witnesses on gun shot residue, ballistics, blood, and other forensics.



**Ground Four:** Trial counsel failed to submit jury instructions, with accurate citations to authorities relied upon, to Trial Judge as required by (SCRCrimP) Rule 20 (A).

**Ground Five:** Trial Counsel failed to request additional jury instructions.

**Ground Six:** Trial Counsel failed to object to erroneous charge to the jury, as called for in SCRCrimP Rule 20 (B).

**Ground Seven:** Trial Counsel was ineffective when he failed to have photographs produced by the State or object to their use at trial.

**Ground Eight:** Appellant counsel was ineffective for failing to include all exhibits used, in the case at trial, on direct appeal. This deprived the Supreme Court of the opportunity to examine all of the evidence on an Anders Brief.

(R.pp. 681-683).

Petitioner was represented in his APCR by James W. Corley, Esquire, and an evidentiary hearing was held on this matter on January 12, 2004. (R. pp. 693-809). On August 23, 2004, the PCR judge filed an order denying the petition in its entirety. (R.pp. 810-824).

In the Petitioner's PCR appeal, Petitioner continued to be represented by James Corley, and raised the following issues:

I. Did the Post Conviction Relief Judge err in ruling that Appellant's Counsel provided effective assistance when counsel did not request, or object to the lack of a <u>Wiggins</u>[3] charge?

II. Did the Post Conviction Relief Judge err in ruling that Appellant's Counsel provided effective assistance when counsel did not object when Trial Judge added an element of absence of malice to the ABHAN charge to the jury?

III. Did the Post Conviction Relief Judge err in ruling that Appellant's Counsel provided effective assistance when counsel failed to submit jury instructions with accurate citations to authorities relied upon?

IV. Did the Post Conviction Relief Judge err in ruling that Appellant's Counsel

---

[3]<u>Wiggins v. State</u>, 500 S.E.2d 489 (1978).

4



provided effective assistance when counsel failed to have the State produce photographs?

V.  Did the Post Conviction Relief Judge err in ruling that Appellant's Appellate Counsel was effective on appeal?

<u>See</u> Petition, p. 1 (Respondent's Exhibit 5).

The South Carolina Supreme Court denied the petition in a letter order dated January 18, 2007.  <u>See</u> Respondent's Exhibit 7.  The Remittitur was sent down on February 5, 2007.  <u>See</u> Respondent's Exhibit 8.

In his <u>pro se</u> Petition for writ of habeas corpus in the United States District Court, Petitioner raises the following claims:

**Ground One:**          Ineffective   Assistance   of Trial

Counsel.

A) Trial counsel failed to submit jury instructions with accurate citations to authorities relied  upon.[4]

B) Counsel failed to request <u>Wiggins</u> self-defense charge and/or object to the lack of this charge. RR. 660, 772, 778.

C) Trial counsel failed to object when trial judge added the element of "Absense of Malice" to the assault and battery of a high and aggravated nature (ABHAN) charge to the jury.  RR. 655 Counsel's  lack of objection RR 660.

D) Trial Counsel failed to have State provide all <u>Brady</u>[5] material prior to trial, particularly photographs. RR 707-711, 743-745.

**Ground Two**: Ineffective Assistance of Appellant Counsel.

<u>See</u> <u>Petition</u>, pp. 6-7, and <u>Amended Petition</u>.

_____

[4]In his amended Petition, Petitioner dropped the word "written" from this issue.

[5]<u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

5



**Discussion**

Respondent has moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire Petition is without merit.  Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7.  Further, while the federal court is charged with liberally construing  pleadings filed by a pro se litigant to allow the development of a potentially meritorious case;  See Cruz v. Beto,  405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

In Ground One of his Petition, Petitioner contends that his counsel was ineffective for (a) failing to submit jury instructions with accurate citations to authorities relied  upon; (b) failing to request a Wiggins self-defense charge, and failing to object to the lack of the Wiggins self-defense charge; (c) failing to object to the added element of absence of malice in the ABHAN charge; and (d) failing to have the State provide all Brady material prior to trial. These issues were all raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition.  Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986).

The PCR court rejected this claim, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Maner  v. State of



South Carolina, No. 02-CP-36-201. Specifically, the PCR judge found: 1) that Petitioner's trial counsel was an experienced criminal law practitioner, having represented numerous clients charged with murder and assault and battery with intent to kill; 2) that counsel conducted an extensive investigation in preparation for trial including discussions with the Petitioner; that he had access to the Solicitor's file; that he reviewed all discovery material received from the State; that he visited the scene, interviewed witnesses and potential witnesses; and reviewed photographs, the 911 tape, reports, diagrams, hospital records and other exhibits and records; 3) that counsel conducted research as well as consulted with an expert and used the services of an investigator to assist in preparing a defense; 4) that counsel also reviewed statements of witnesses and used the statements and reports at trial to elicit information favorable to the Petitioner; 5) that counsel met with Petitioner on numerous occasions throughout his representation and discussed Petitioner's version of the facts, the evidence the State planned to present at trial, possible defenses, and strategies for trial; 6) that counsel discussed with and made recommendations to the Petitioner on proposed trial strategies for presentation of defense witnesses and cross-examination of the State's witnesses; 7) that in discussions with counsel, Petitioner admitted that he shot both victims and then called 911; 8) that it was not until many months after counsel was retained to represent the Petitioner that Petitioner suggested he acted in self-defense because the deceased had confronted him with a lead pipe; 9) that the trial transcript and testimony from the post-conviction relief hearing reflect, and the PCR Court found, that the State provided all discovery material to Petitioner's attorney months before the trial; 10) that trial counsel reviewed the physical evidence, including photographs, with the police chief; 11) that counsel either provided copies of the discovery material to the Petitioner, reviewed the material with Petitioner, or discussed the discovery material with the Petitioner in detail; 12) that



counsel was aware of the deceased's Probate Court records and used the records to elicit favorable testimony at trial; 13)  that officers also spoke with the wife of the deceased after the incident and this conversation was conveyed to trial counsel; 14) that the deceased's wife testified for the defense at trial; 15) that the Solicitor elicited testimony from the deceased's wife establishing that the deceased called officers to their home on numerous occasions because of marital disputes; 16) that counsel was clearly aware of these incidents and used the information gathered during his investigation during the trial to clarify the altercations; 17) that counsel was well aware the deceased was taking medication for depression and had a disintegrating relationship with his wife but, for strategic reasons, did not present this evidence at trial because it would have made the deceased more sympathetic and would have destroyed Petitioner's credibility with the jury; 18) that this strategy was reasonable in light of the facts of the case; 19) that Petitioner failed to introduce any of these records or other evidence on this point at the PCR hearing and did not show prejudice from trial counsel's alleged inaction based upon Petitioner's failure to establish the impact the evidence might have had at trial; 20) that Petitioner failed to prove the deceased had any proclivities towards violence or alcohol and drug abuse or that counsel's treatment respecting this aspect of the case was deficient or prejudicial to the Petitioner; 21) that counsel reviewed all of the photographs in the State's possession; 22) that counsel discussed the contents of the photographs with the Petitioner and reviewed the photographs with the Petitioner on the first day of trial, with possible exception of the photographs showing injuries to Petitioner's wife; 23) that counsel did not show these photographs to Petitioner because of the gruesome nature of the photographs and counsel's desire not to unduly decompose Petitioner's mental readiness for trial; 24) that trial counsel was successful in his objection to photographs showing the injuries to the victims; 25) that counsel also objected to the



admission of other photographs but was not successful; 26) that the diagram and other photographs admitted into evidence without objection were properly admitted, and counsel would not have been successful if objections to these items had been made; 27) that counsel skillfully used the diagram and photographs to Petitioner's benefit whenever possible during trial; 28) that Petitioner can show no deficiency regarding trial counsel's treatment of the diagram or photographic evidence; 29) that Petitioner's claim that trial counsel was ineffective for failing to object to the State's failure to timely produce the photographs is without merit because the discovery material was provided to trial counsel months before trial; 30) that Petitioner testified at the PCR hearing that an expert should have been presented to contradict the State's evidence respecting the diagram, gun shot residue, lead, blood, and ballistics and to establish the defense of self-defense; 31) that Petitioner failed to introduce the testimony of an expert on these matters at the PCR hearing; 32) that prejudice from counsel's failure to call a witness cannot be shown when the witness does not testify at the PCR hearing; 33) that Petitioner's mere speculation as to what a witness could have testified to, or that this testimony would have been helpful, without more, is insufficient to show prejudice; 34) that Petitioner's trial counsel was very knowledgeable of presenting defenses to forensic evidence of the type involved in this case and had great experience in using defense expert witnesses for these matters; 35) that counsel spoke with the State's expert respecting the gun shot residue ("GSR") reports and evidence as well as reviewed the GSR and autopsy reports and used this information to effectively cross-examine the expert and forensic pathologist at trial; 36) that counsel was able to establish through the SLED expert that the deceased had lead on his left hand to support the Petitioner's later testimony that the deceased wielded a lead pipe; 37) that counsel had access to and reviewed the expert's ballistics report and cross-examined him on the ejection pattern of casings, the

9



copper coated bullets used by the Petitioner, and gun powder spray; 38) that it was trial counsel's experience that ejection pattern testimony is not very useful because of the great variation created by holding a weapon in a slightly different manner; 39) that the State's witness respecting GSR testing clearly established that all three gunshot residue chemicals - lead, antimony, and barium - appeared on the deceased's hand rather than solely lead; 40) that a defense expert could not have established that the lead found on the deceased's left hand came from a lead pipe wielded by the right-handed victim; 41) that such an expert would have been an unnecessary expenditure; 42) that counsel cross-examined the witnesses present at the scene on their movements to show that it was likely they displaced shell casings as they responded to the victims at the scene; 43) that trial counsel discussed the possibility of retaining an expert with Petitioner but ultimately a strategic decision was made not to retain the expert because it was counsel's experience the expert requested by Petitioner did not make a good defense witness and the testimony the expert would have offered at trial would not have been helpful based on the facts of this case; 44) that counsel's strategy was reasonable based upon the facts of this case and counsel's experience in such matters; 45) that at trial, the attorneys and trial court engaged in on-the-record discussions regarding instructions to the jury; 46) that the trial court charged the jury, *inter alia*, on the law regarding the charged offenses of murder and assault and battery with intent to kill (ABWIK); 47) that manslaughter and assault and battery of a high and aggravated nature (ABHAN) were charged as lesser included offenses of murder and manslaughter; 48) that self-defense was charged at the request of Petitioner's counsel; 49) that throughout the jury charge, the trial court repeatedly instructed the jury that it was the State's burden to prove the elements of the crimes beyond a reasonable doubt, that the State has not met its burden of proof beyond a reasonable doubt if it fails to prove any element, and that the Petitioner is never



required to prove himself innocent; 50) that the trial court also instructed the jury that, if after weighing all of the evidence, it is not convinced of Petitioner's guilt beyond a reasonable doubt, it must acquit him of the charges; 51) that specifically with regard to self-defense, the judge charged the jury with the four elements of self-defense from State v. Davis, 317 S.E.2d 452 (S.C. 1984); 52) that at counsel's request, the judge also additionally charged the Petitioner's right to act on appearances and that Petitioner had no duty to retreat if doing so would increase his danger of death or serious bodily harm; 53) that Rule 20(a), SCRCrimP, does not require trial counsel to submit written jury instructions; 54) that trial counsel made specific and appropriate on-the-record requests for jury instructions supported by proper authority; 55) that as to trial counsel's failure to request additional instructions on use of force and "words accompanied by hostile acts," trial counsel requested and received additional charges on Petitioner's right to act upon appearances and that Petitioner had no duty to retreat if doing so would increase the danger of serious bodily harm or death; 56) that the self-defense charge provided in this case sufficiently conveyed to the jury the law with respect to Petitioner's reaction to the deceased and the alleged pipe; 57) that the charge given was proper and was sufficiently consistent with State v. Fuller and State v. Hendrix as permitted by the peculiar facts of this case; 58) that counsel's conduct in this regard was not deficient; 59) that with respect to failure to request a charge on the State's burden of disproving self-defense, Petitioner's trial counsel was aware of the decision in State v. Wiggins, and testified that the charge given was the functional equivalent of a Wiggins charge; 60) that the trial court unequivocally and repeatedly charged the jury that it was the State's burden to prove Petitioner guilty of all elements of the charges beyond a reasonable doubt; 61) that the trial court also charged the jury that the Petitioner was not required to prove his innocence, and that if the jury had reasonable doubt as to the



Petitioner's guilt after considering all of the evidence, it must find him not guilty; 62) that the self-defense charge sufficiently imparted the mandate of <u>Wiggins</u> when viewed as a whole and combined with the other charges and the argument of the solicitor; 63) that the Petitioner did not meet his burden proving prejudice from counsel's failure to object to the purported omission of the <u>Wiggins</u> charge and failure to request additional instructions on use of force and "words accompanied by hostile acts"; 64) that in view of the overwhelming evidence of Petitioner's guilt of murder, Petitioner's implausible testimony concerning self-defense, and the jury's rejection of manslaughter as a possible verdict, the Petitioner did not show the jury would have returned a verdict for anything other than murder even with the self-defense charges Petitioner alleges that trial counsel should have requested; 65) that with regard to Petitioner's complaint respecting the ABHAN charge, trial counsel and the trial court fully discussed <u>State v. Pilgrim</u> and its application to this case during Petitioner's trial; 66) that the trial court's charge did not equate ABHAN with manslaughter or state that ABHAN required the absence of malice; 67) that the <u>Pilgrim</u> case was not implicated and the treatment of this issue by trial counsel was neither deficient nor prejudicial; 68) that nevertheless, and even if the ABHAN charge was considered erroneous in the manner alleged, Petitioner failed to show he was prejudiced by the charge given; 69) that the evidence to support the charge of assault and battery with intent to kill was overwhelming, including the testimony of the surviving victim, the number and severity of the victim's injuries, and the manner in which the altercation arose; 70) that because Petitioner's guilt of assault and battery with intent to kill was so conclusively proven at trial, there is no reasonable probability the ABHAN charge given in this case would have affected the verdict; 71) that with regard to Petitioner's allegation concerning counsel's failure to attach every exhibit introduced at trial to his appellate brief, the transcript in the case included a listing of all the exhibits;



72) that the transcript was included in the record on appeal; 73) that if the appellate court felt the record before it was incomplete, it could have required any "matter which was before the trial court to be sent up for its inspection and consideration"; 74) that the South Carolina Supreme Court reviewed the record in Petitioner's appeal, determined no issues of reversible error existed, and dismissed the appeal; and 75) that the Petitioner failed to show how the exhibits would have had any impact of the appellate court's review, and therefore no prejudice is shown by appellate counsel's actions.  (R.pp. 813-823).

Substantial deference is to be given to the state court's findings of fact.  Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)).  Nevertheless, since Petitioner's ineffective assistance

13



of counsel claims were adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claims.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell, 88 F.3d at 269. Here, after careful review of the record and the arguments presented, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial



counsel was ineffective under this standard.  <u>Smith v. North Carolina</u>, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

**(a)**

Petitioner first argues that his counsel was ineffective for failing to submit jury charges with accurate citations to authority relied upon in violation of South Carolina Criminal Procedure Rule 20 (a).[6]  Petitioner cites to pages 592 - 595 of the record, where counsel and the court discussed the specifics of the court's charge.

The record reflects that counsel discussed appropriate charges with the court; <u>see</u> (R.pp. 431-432, 590-595); and that in addition to charging the law with respect to the charged offenses, the court also (at defense counsel's request) charged the law of self-defense as well as the Petitioner's right to act on appearances and that Petitioner had no duty to retreat if doing so would increase his danger of death or serious bodily harm.  (R.pp. 592-594).  Defense counsel also asked the court to instruct the jury, with respect to the lesser offense of manslaughter, that the defendant is to be given the benefit of the doubt. (R.pp. 594-595).  <u>See</u> <u>also</u> (R.pp. 764-765, 771-775).   Trial counsel testified at the PCR hearing that there was never any question about what he was asking the judge to charge, and that he was granted the requests he made. (R.p. 772).  Counsel further testified that he believed the charges given were proper. (R.pp. 772-775).

The PCR court found that the South Carolina Rules of Criminal Procedure do not require trial counsel to submit written jury instructions, that trial counsel made specific and appropriate on the record requests for jury instructions supported by proper authority, and that

---

[6]This rule provides that "[a]ll requests for legal instructions to the jury shall be submitted at the close of the evidence, or at such earlier time as the trial judge shall reasonably direct. All requests must include accurate citation to authorities relied upon."  Rule 20(a), S.C.Crim.R.



counsel's conduct in this regard was not deficient. (R.p. 819). The undersigned can find no basis in the record or the applicable caselaw to overturn these findings of the state court. <u>Evans</u>, 220 F.3d at 312.

First, to the extent Plaintiff's claim is based on a purported violation of South Carolina Criminal Rule 20(a), "it is not the province of a federal habeas court to re-examine state court determinations on state law questions." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) ["federal habeas corpus relief does not lie for errors of state law"]. Additionally, while the decisions of trial counsel are always subject to being second guessed with the benefit of hindsight, tactical and strategic choices made by counsel after due consideration do not constitute ineffective assistance of counsel. <u>Strickland</u>, 466 U.S. at 689. There is a strong presumption that counsel's conduct during trial was within the wide range of reasonable professional assistance, and this Court should not scrutinize counsel's performance by looking at the decisions made in an after the fact manner. <u>Id</u>. at 688-689; <u>Bunch v. Thompson</u>, 949 F.2d 1354 (4th Cir. 1991), <u>cert. denied</u>, 505 U.S. 1230 (1992); <u>Horne v. Peyton</u>, 356 F.2d 631, 633 (4th Cir. 1966), <u>cert. denied</u>, 385 U.S. 863 (1966); <u>Burger v. Kemp</u>, 483 U.S. 776 (1987); <u>see also</u> <u>Harris v. Dugger</u>, 874 F.2d 756, 762 (11th Cir. 1989), <u>cert. denied</u>, 493 U.S. 1011 (1989) [An informed decision by trial counsel should not be second guessed by a reviewing court.].

Further, Petitioner has also failed to show that, even if his counsel had presented written jury charges or more detailed case citations with his requests, instead of handling the matter orally as he did, the outcome of his trial would have been different. <u>Mazzell</u>, 88 F.3d at 269. Petitioner has therefore failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. <u>Evans</u>, 220 F.3d at 312 [Federal habeas relief will not be granted on



a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; <u>Bell v. Jarvis</u>, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. This claim should be dismissed.

**(b)**

In the second issue raised in Ground One of his Petition, Petitioner contends that his counsel was ineffective for failing to object to the jury charge on self-defense because the charge did not include language indicating that the State must disprove self-defense. The PCR Court found that trial counsel was aware of the <u>Wiggins</u> decision addressing this issue, that the charge given was the functional equivalent of a <u>Wiggins</u> charge, and that in any event Petitioner had failed to show he suffered any prejudice as a result of the charge as given. (R.pp. 819-821). The South Carolina Supreme Court denied certiorari on this issue, and again the undersigned can find no reversible error in the state court's decision or in its treatment of this issue.

> Where an error in a jury instruction is alleged, "it must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,'" but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment." <u>Cupp v. Naughten</u>, 414 U.S. 141, 146 (1973). The question is not whether the trial court gave a faulty instruction, but rather "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." <u>Id</u>. at 147; <u>see also</u> <u>Estelle</u>, 502 U.S. at 72 (quoting and reaffirming <u>Cupp</u>).

> . . . "In order to obtain a writ of habeas corpus in federal court on the ground of error in a state court's instructions to the jury on matters of state law, the petitioner must show not only that the instruction misstated state law but also that the error violated a right guaranteed to him by federal law." <u>Casillas v. Scully</u>, 769 F.2d 60, 63 (2d Cir. 1985); <u>see also</u> <u>Blazic v. Henderson</u>, 900 F.2d 534, 540 (2d Cir. 1990)(quoting

17

<u>Casillas</u>, 769 F.2d at 63)(same); <u>Sams v. Walker</u>, 18 F.3d 167, 171 (2d Cir. 1994(quoting <u>Casillas</u>, 769 F.2d at 63)(same).  The fact that "federal habeas corpus relief does not lie for errors of state law," <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990), does not mean, however, that errors under state law cannot result in cognizable violations of a constitutional right to due process.  What due process requires will often depend on what state law is.  States are free to define the elements of, and defenses to, crimes.  See <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); <u>McMillan v. Pennsylvania</u>, 477 U.S. 79, 84-86 (1986).  Once states have promulgated laws to define criminal conduct, however, federal due process protects a defendant from conviction unless he is shown in a fair proceeding to have violated those laws. . . .

We cannot grant relief here without answering three questions in the petitioner's favor.  First, was  the [ ] charge required as a matter of [ ] state law?  Second, if so, did the failure to give the requested charge violate the standard set out in <u>Cupp</u>.  Third, if so, was the state court's failure of such a nature that it is remediable by habeas corpus, given the limitations prescribed by 28 U.S.C. § 2254?

<u>Davis v. Strack</u>, 270 F.3d 111, 123-124 (2nd Cir. 2001).

With respect to the first question posed under <u>Davis</u>, in South Carolina a jury must be instructed that the State has the obligation to disprove the elements of self-defense beyond a reasonable doubt.  <u>State v. Burkhart</u>, 565 S.E.2d 298 (S.C. 2002); <u>State v. Addison</u>, 540 S.E.2d 449, 451 (S.C. 2000); see <u>State v. Wiggins</u>, 500 S.E.2d at 492. Therefore, the charge was required as a matter of state law.[7]  Further, although the PCR court found that the charge given was the functional equivalent of a <u>Wiggins</u> charge, counsel conceded at the PCR hearing that he did not request a <u>Wiggins</u> charge setting forth the State's burden to prove self-defense. (R.p. 772).[8]

––––––––––––––––––––

[7]Even though the United States Supreme Court has held that a state may go so far as to require a *defendant* to prove self-defense by a preponderance of the evidence; see <u>Martin v. Ohio</u>, 480 U.S. 228, 235-236 (1987); South Carolina state law goes further than what is minimally required by the federal constitution.  <u>See</u> generally <u>State v. Bellamy</u>, 359 S.E.2d 63, 65 (S.C. 1987).

[8]The South Carolina Supreme Court held that the "disprove" charge should be given if requested in cases tried after the filing of <u>State v. Wiggins</u>.  <u>Burkart</u>, 565 S.E.2d at 303 n. 6.  <u>Wiggins</u> was filed on May 18, 1998, and Petitioner was tried in March-April 1999.  Counsel testified that he did not believe it was clear at that time exactly what type of charge was required, but that he believed the charge given was appropriate. (R.pp. 772, 788).



However, even assuming that this Court were to find that counsel was deficient for failing to request a <u>Wiggins</u> charge, the state court further found that Petitioner had failed to meet the second "prejudice" prong under <u>Strickland</u>, and the undersigned can find no reversible error in this decision. The trial judge extensively charged the jury on the presumption of innocence; extensively charged the jury on the burden of proof beyond a reasonable doubt, including defining reasonable doubt as well as noting that the jury had to resolve any issue of fact in favor of the defendant; and charged the jury that it would have to acquit if after considering all evidence of self-defense it had a reasonable doubt. (R.pp. 642-659). Trial counsel noted that the Court used the term reasonable doubt in connection with burden of proof some thirty-five (35) times during its charge, including four (4) times in connection with the self defense aspect of the charge, and that the solicitor himself talked about how the State had to disprove self defense. (R.pp. 772, 773). After review of the complete charge and of the record in this case, the undersigned does not find that Petitioner has shown a reasonable probability that the outcome would have been different had he received a direct <u>Wiggins</u> charge. Hence, Petitioner has not shown that the failure to give the charge at issue violated a constitutional or federal right, and he therefore fails to meet the standard set forth in <u>Cupp</u>, especially in light of the fact that the South Carolina state law requiring a jury charge that the State must disprove self-defense beyond a reasonable doubt goes *further* than what is minimally required by the federal constitution. <u>Bellamy</u>, 359 S.E.2d at 63. <u>See also</u> <u>Casillas</u>, 769 F.2d at 6 ["In order to obtain a writ of habeas corpus in federal court on the ground of error in a state court's instructions to the jury on matters of state law, the petitioner must show not only that the instruction misstated state law but also that the error violated a right guaranteed to him by federal law"].

As previously discussed, federal habeas relief will be granted "with respect to a claim



adjudicated on the merits in state court proceedings only where such adjudication 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States', or 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding'". Evans, 220 F.3d at 312; see Williams, 120 S.Ct. at 518-1523.  The PCR judge determined that given the judge's overall charge, there was not a reasonable probability of a different result from the jury, and the South Carolina Supreme Court denied certiorari on this issue. Petitioner has failed to show a reasonable probability of a different result if counsel had objected and the charge had been given, has therefore not shown that the state court's findings were unreasonable, and has failed to show the violation of any constitutional or federal right.  See Pryor v. Weedon, No. 06-2461, 2007 WL 2156693 at * 5 (D.S.C. July 26, 2007).  This issue is without merit and should be dismissed.

**(c)**

In the third issue in Ground One, Petitioner argues that his counsel was ineffective for failing to object to the added element of absence of malice in the ABHAN charge citing to State v. Pilgrim, 482 S.E.2d 562 (1997). State v. Pilgrim held that absence of malice is not an element of ABHAN. Pilgrim, 482 S.E.2d at 563. See also State v. Tyler, 560 S.E.2d 888, 890 (S.C. 2002) ["[T]he absence of malice is not a required element of the offense of ABHAN, and the fact that a defendant acts with malice does not preclude a finding of ABHAN"]. However, the PCR Court found that the trial court's jury charge did not state that ABHAN required the absence of malice, and that even if the ABHAN charge was considered erroneous, Petitioner had still failed to show prejudice. (R.pp. 821-822).

The record reflects that the trial court charged that malice aforethought is an element



of assault and battery with intent to kill (ABWIK). (R.p. 654). The trial court then stated:

> I have defined to you what malice aforethought was. The State must prove to you that this assault and battery was accompanied with malice aforethought as I've defined it to you with a specific intent to kill Anne Maner before you can find the Defendant guilty of Count Two. If the State has proven all those elements to you beyond a reasonable doubt, then your verdict would be guilty of assault and battery with intent to kill if you would have found him guilty of murder had Ms. Maner died.
>
> Now, if the State has failed to prove all those elements to you beyond a reasonable doubt, you may consider a lesser included offense of assault and battery of a high and aggravated nature [ABHAN]. Assault and Battery with intent to kill requires malice, and the absence of malice – if there's an absence of malice and you should determine that from all the evidence, you may consider the lesser included offense of assault and battery of a high and aggravated nature.
>
> Assault and battery of a high and aggravated nature is an unlawful act of violent injury to the person of another accompanied by circumstances of aggravation, such as the use of a deadly weapon and the infliction of serious bodily injury upon another person. Now, ladies and gentlemen, in considering these two counts, if you find the state has failed to prove assault and battery with intent to kill beyond a reasonable doubt, and you consider the lesser included offense of assault and battery of a high and aggravated nature, in considering the greater and the lesser included offense, again, if you have a reasonable doubt as to whether the defendant is guilty of the greater offense or the lesser included offense, you must give him the benefit of the doubt and find him guilty of the lesser included offense. If you should find that the state has failed to prove in count two assault and battery of a high and aggravated nature, including the lesser included offense, then you verdict would have to be not guilty.

(R.pp. 654-656).

The record reflects that prior to this charge being given, the trial court and counsel discussed the <u>Pilgrim</u> decision; (R.pp. 431-432); and trial counsel testified at the PCR hearing that he did not believe the judge's jury charge as stated included absence of malice as an element of ABHAN. (R.pp. 773-774). As noted, the state court reached this same conclusion. (R.p. 821). Even assuming for purposes of argument, however, that the trial court's charge on this issue is subject to an alternative interpretation, the undersigned agrees with the state court that no prejudice has been



shown, thereby defeating Petitioner's claim.

Petitioner was charged with shooting his wife and shooting and killing her lover (the deceased). Petitioner's wife identified Petitioner as the shooter, and the evidence showed that he had shot his wife eight times and the deceased at least eighteen times. While Petitioner contended he acted in self defense because the deceased had come at him with a lead pipe, the deceased was found by his open car door with at least four bullet wounds to his back. No lead pipe was ever found. (R.pp. 96, 110-114, 154, 243, 251-253, 297-301, 308, 391-411). The PCR judge determined that because the overwhelming evidence of Petitioner's guilt of assault and battery with intent to kill was so conclusively proven at trial, there was not a reasonable probability of a different result from the jury; (R.p. 822); and trial counsel testified that, based on the evidence,

> in my strategic consideration on behalf of [Petitioner] I did not believe that a jury would do anything in the world but convict him of assault and battery with intent to kill. I didn't think arguing that helped the rest of his case. Additionally, the judge did not charge ABHAN as relates to manslaughter and ABWIK as relates to murder in our case. I thought that distinguished <u>Pilgrim</u> and I thought it was unnecessary to dwell on it any longer.

 (R.pp. 774-775).

Based on this evidence and the record as a whole, Petitioner has not shown a reasonable probability that the outcome would have been different had he received a different or better worded charge, nor has he shown that the state court's findings on this matter were unreasonable. *Cf.* Hill v. State, 567 S.E.2d 847, 851 (2002) [no ineffective assistance for failure to object where erroneous ABHAN charge was harmless error due to no reasonable probability jury would have convicted defendant of ABHAN]. Petitioner has also failed to show the violation of any constitutional or federal right based on the charge given. <u>Casillas</u>, 769 F.2d at 6 ["In order to obtain



a writ of habeas corpus in federal court on the ground of error in a state court's instructions to the jury on matters of state law, the petitioner must show not only that the instruction misstated state law but also that the error violated a right guaranteed to him by federal law."]; Cupp, 414 U.S. at 146-147 [Petitioner must show that "the instruction by itself so infected the entire trial that the resulting conviction violates due process"]. Therefore, this issue is without merit and should be dismissed. Evans, 220 F.3d at 312.

**(d)**

In the fourth and final claim asserted in Ground One, Petitioner contends that his trial counsel was ineffective for failing to have the State provide all Brady material prior to trial. Specifically, Petitioner argues that his counsel was ineffective for failing to obtain copies of photographs for him and for failing to show him all of the photographs.  The PCR court found no Brady violation, that trial counsel had reviewed all of the photographs in the state's possession and had reviewed these photographs with the Petitioner, and that this claim was patently without merit. (R.p.. 815-816).   The undersigned agrees.  Smith, 528 F.2d at 809 [Petitioner has the burden of showing that trial counsel was ineffective].

Petitioner's counsel testified that he conducted an extensive investigation in preparation for trial including discussions with Petitioner; that he had access to the Solicitor's file; that he reviewed all discovery material received from the State; visited the scene;  interviewed witnesses and potential witnesses; and reviewed photographs, the 911 tape, reports, diagrams, hospital records and other exhibits and records. (R.pp. 736, 738-740, 742-744, 751-754, 768).  The PCR court found based upon the record and testimony of Petitioner's counsel that the State provided all material discovery to Petitioner's attorney, that trial counsel reviewed the physical evidence,



including photographs, and that counsel either provided copies of the discovery material to the Petitioner, reviewed the material with Petitioner, or discussed the discovery material with the Petitioner in detail. The PCR court also found that counsel had reviewed all of the photographs in the State's possession, and that counsel discussed the contents of the photographs with the Petitioner and reviewed the photographs with the Petitioner (with the possible exception of the photographs showing the injuries to Petitioner's wife, which counsel did not show to Petitioner because of the gruesome nature of the photographs and counsel's desire not to unduly disrupt Petitioner's mental readiness for trial). The PCR court also noted that trial counsel was successful in his objection to photographs showing the injuries to the victims.

In sum, the PCR court concluded that Petitioner's claim that trial counsel was ineffective on this ground was without merit because the discovery material was provided to trial counsel. (R.pp. 813-816). Upon review of the record in the file consistent with the applicable caselaw, Petitioner has failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra. Petitioner has not shown that his counsel was deficient with respect to this issue, nor has he shown the necessary prejudice. Strickland v. Washington, supra. Therefore, this issue is without merit and should be dismissed. See 28 U.S.C. § 2254(d)(1) and (2); Williams v. Taylor, supra; Fisher, 215 F.3d at 446-447 [Court reviewed petitioner's ineffective assistance of counsel claims under the standards set forth in 28 U.S.C. § 2254(d)].



## II.

In Ground Two of his Petition, Petitioner contends that his appellate counsel was ineffective for failing to file the state court exhibits with his appellate brief. Petitioner raised this issue in his APCR and his PCR appeal, arguing that a comparison between the exhibits and other evidence could have very possibly produced a different result. This claim is without merit, as Petitioner has failed to meet his burden of showing that appellate counsel was ineffective. <u>Smith</u>, 528 F.2d at 809.

The PCR court found that Petitioner had failed to show how the exhibits at issue would have had any impact on the appellate court's review, and that Petitioner had not shown that he was prejudiced by exhibits not being included in the materials sent with his appeal. (R.p. 823). The undersigned agrees. Although Petitioner makes conclusory allegations as to how his appeal might have been affected, he has not shown any discrepancy that would have likely led to a different outcome. Upon a review of the record in the file consistent with the applicable caselaw, Petitioner has again failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. <u>Evans</u>, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; <u>Williams v. Taylor</u>, <u>supra</u>; <u>Fisher</u>, 215 F.3d at 446-447 [Court reviewed petitioner's ineffective assistance of counsel claims under the standards set forth in 28 U.S.C. § 2254(d)].

Petitioner has not shown his counsel was deficient on this basis, nor has he shown the necessary prejudice. <u>Strickland v. Washington</u>, <u>supra</u>. Therefore, this issue is without merit and should be dismissed. <u>See</u> 28 U.S.C. § 2254(d)(1) and (2); <u>Williams v. Taylor</u>, <u>supra</u>.



## **Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary

judgment be **granted**, and that this federal Petition be **dismissed**, with  prejudice.

The parties are referred to the Notice Page attached hereto.

_____

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

February 11 , 2008



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

