IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Darriel Maner, #257359, ) | |
| ) | C/A No. 0:07-541-MBS-BM |
| Petitioner, ) | |
| ) | |
| vs. ) | **OPINION AND** |
| ) | **O R D E R** |
| Anthony Padula, Warden, Lee Correctional ) | |
| Instituion, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Darriel Maner is an inmate in the custody of the South Carolina Department of Corrections. Petitioner is currently housed in the Lee Correctional Institution pursuant to orders of commitment from the Clerk of Court of Newberry County. Appearing *pro se*, Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held in custody unlawfully.

This matter is before the court on Respondent's motion for summary judgment. Respondent filed a motion for summary judgment on July 6, 2007. By order filed July 9, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Subsequently, Petitioner filed a motion to amend his petition, which was granted on August 23, 2007. Petitioner filed a response to Respondent's motion for summary judgment on August 30, 2007.

On September 7, 2007, Respondent filed an amended return and answer to Petitioner's amended petition, and an amended motion for summary judgment. On September 10, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), Petitioner was again advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed no response to Respondent's amended motion for summary judgment.

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("Report and Recommendation") on February 11, 2008, in which he recommended that Respondents' motion for summary judgment be granted. Petitioner filed objections to the Report and Recommendation on February 25, 2008. (Petitioner's Objections.)

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

## FACTS

The facts of this case are detailed at length in the Report and Recommendation. (Report and Recommendation at 2-5.) Briefly, a jury convicted Petitioner on April 1, 1999 of murder, assault and battery with intent to kill ("ABWIK"), and possession of a weapon during a violent crime. (See Respondent's Return and Memorandum Ex. 10 at 662-63, 672.) Petitioner was sentenced to a term of life for murder, twenty (20) years for ABWIK, and five (5) years for use of a firearm. (See id. Ex. 10 at 668-69.) Petitioner appealed his conviction and sentence, which were affirmed by the South

Carolina Supreme Court on April 16, 2002 in an unpublished opinion found at State v. Maner, 02-MO-036 (S.C. Sup. Ct. filed April 16, 2002). (See id. Ex. 3.)

Petitioner next sought post-conviction relief ("PCR") on grounds set forth in his PCR application filed May 9, 2002, and subsequently amended on September 25, 2003. (See id. Ex. 10 at 674-86.) An evidentiary hearing was held on the matter on January 12, 2004. (See id. Ex. 10 at 693-809.) On August 24, 2004, the PCR judge filed an order of dismissal in which he denied Petitioner's PCR application. (See id. Ex. 10 at 810-824.) Petitioner thereafter filed a petition for writ of certiorari to the South Carolina Supreme Court. (See id. Ex. 5.) The South Carolina Supreme Court denied the petition on January 18, 2007 and the Remittitur was sent down on February 5, 2007. (See id. Exs. 7, 8.)

On February 26, 2007, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleged two grounds entitling him to relief: 1) ineffective assistance of trial counsel, ("Ground One"), and 2) ineffective assistance of appellate counsel ("Ground Two"). (See Petition at 5-7.) As part of Ground One, Petitioner alleges that his trial counsel was ineffective in the following four ways: a) by failing to submit jury instructions with accurate citations to authorities;[1] b) by failing to request a Wiggins[2] self-defense charge and failing to object to the lack of such a charge; c) by failing to object when the trial judge added the element of "absence of malice" to the Assault and Battery of a High and Aggravated Nature ("ABHAN") charge to the jury; and d) by failing to have the State provide all Brady materials, particularly photographs of the scene,

---

[1] Petitioner amended his first ground for relief by removing the word "written" before "jury instructions." (See Petitioner's Motion to Amend Pleading (Entry 22).)

[2] Wiggins v. State, 500 S.E.2d 489 (1978).

3

prior to trial. (See id. at 5-6.) Petitioner claims his appellate counsel was ineffective because his appellate counsel failed to provide any of the paper exhibits used at trial to the Supreme Court of South Carolina for their review. (Id. at 7.)

After a thorough review of the applicable law, the Magistrate Judge recommended that the court grant Respondents' motion for summary judgment because the Petitioner failed to show that the state PCR court's determination was unreasonable. First, the Magistrate Judge found that Petitioner's trial counsel discussed the appropriate jury charges with the trial court. The Magistrate Judge found further that even if the jury charges were deficient in some way, that Petitioner failed to show that the outcome of his trial would have been different. Second, the Magistrate Judge found that Petitioner failed to show a reasonable probability that the outcome of his trial would have been different had his trial counsel objected to the lack of a direct Wiggins self-defense charge. As such, the Petitioner failed to show that the state PCR court's finding that Petitioner's claim relating to the self-defense charge was without merit, was unreasonable. Third, the Magistrate Judge found that even if the language of the jury charge for ABHAN could have been interpreted as requiring absence of malice for that crime, Petitioner failed to show any prejudice that resulted. Fourth, the Magistrate Judge found that the record shows Petitioner's trial counsel was not deficient in receiving and reviewing Brady materials with Petitioner. The Magistrate Judge further stated that even if Petitioner could have shown that trial counsel was deficient in reviewing Brady materials with Petitioner, that Petitioner failed to show any prejudice arising from that deficiency. Finally, with respect to Ground Two, the Magistrate Judge found that Petitioner did not show that his appeal would have been affected had appellate counsel provided paper exhibits to the South Carolina Supreme Court.

**STANDARD OF REVIEW**

An application for a writ of habeas corpus with respect to a claim that was adjudicated on the merits in State court proceedings cannot be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A determination of a factual issue made by a State court is presumed to be correct. Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established Federal law, as determined by the Supreme Court," id., "if the state court arrives at a conclusion opposite to that reached by th[e] Court on a question of law or if the state court decides a case differently than th[e] Court has on a set of materially indistinguishable facts," Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision "involve[s] an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), when the state court "identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case," Williams, 529 U.S. at 413. The court's "review is . . . deferential because [the court] cannot grant relief unless the state court's result is legally or factually unreasonable." Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000) (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)).

When the ineffective assistance of counsel is alleged as a ground for relief in a PCR

application, the applicant must show that: (1) "his counsel's performance fell below an objective standard of reasonableness," and (2) "he was prejudiced by counsel's deficient performance." Rollison v. State, 552 S.E.2d 290, 291 (S.C. 2001) (citing Strickland v. Washington, 466 U.S. 668 (1984); Brown v. State, 533 S.E.2d 308 (2000)). To succeed on an ineffective assistance of counsel claim, Petitioner must overcome the "presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Byram v. Ozmint, 339 F.3d 203, 209 (4th Cir. 2003) (quoting Strickland, 466 U.S. at 689). Petitioner must also demonstrate that he was prejudiced by trial counsel's deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

## DISCUSSION

Petitioner's objections generally restate the arguments contained in his response in opposition to the Respondent's motion for summary judgment. However, Petitioner makes three specific objections to the Magistrate Judge's proposed findings and recommendation. The court will review each objection in turn.

First, Petitioner asserts that the Magistrate Judge overlooked his response in opposition to Respondent's motion for summary judgment. Petitioner's objection is without merit. The Magistrate Judge specifically noted the Petitioner's response to Respondent's motion for summary judgment. (See Report and Recommendation at 1.) As such, it is clear that the Magistrate Judge was aware of and took account of Petitioner's response when making his findings and recommendations.

Petitioner's second objection is that his petition should be granted with respect to his claim for ineffective assistance of counsel based on his trial counsel's failure to submit appropriate jury instructions because Petitioner's "[t]rial counsel failed to request charges that related to issues in

evidence at trial." (Petitioner's Objections at 2.) As the Magistrate Judge notes, Petitioner's trial counsel discussed the appropriate charges with the trial court. Additionally, the trial court instructed the jury on the law with respect to each of the charged offenses, the lesser included offense of manslaughter, self-defense, Petitioner's right to act on appearances, that there was no duty to retreat if doing so would increase danger of death or serious bodily harm, and that Petitioner should be given the benefit of the doubt. (See Respondent's Return and Memorandum Exs. 9-10 at 431-32, 590-95, 764-65, 771-75.) Petitioner does not point to any specific evidence that required an additional jury charge nor does he show how without such additional jury charges, he was prejudiced. As such, Petitioner has not met his burden of proving an ineffective assistance of counsel claim. See Rollison, 552 S.E.2d at 291 (citing Strickland, 466 U.S. 668; Brown v. State, 533 S.E.2d 308 (2000)). Nor has Petitioner shown that habeas relief is warranted on this issue. See 28 U.S.C. § 2254(d). Therefore, Petitioner's second objection is without merit.

Petitioner's third objection is that the "Report and Recommendation repeats several PCR Court's points . . . [which] contain[] errors in facts from the trial record." (Petitioner's Objections at 2.) Petitioner's objection to factual issues is not a valid ground for habeas relief. Under 28 U.S.C. § 2254, the state court's determination of a factual issue is presumed to be correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Petitioner has failed to provide any evidence that the PCR court erred in its factual findings. Rather, he merely offers a general and conclusory assertion that there are factual errors in the trial record. As such, Petitioner has not sufficiently rebutted the presumption of correctness and Petitioner's third objection is without merit.

**CONCLUSION**

After thorough review of the Report and Recommendation, the Plaintiff's Objections, the record in its entirety, and examining the applicable law, the court concurs with the Magistrate Judge's findings. The court adopts the Report and Recommendation and incorporates it by reference. As such, Respondents' motion for summary judgment (Entries 17 and 33) is **granted** and the within petition for writ of habeas corpus is dismissed with prejudice.

**IT IS SO ORDERED.**

    s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

Columbia, South Carolina

March 12, 2008

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**